DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas that, following a plea of guilty, found appellant guilty of one count of abusing harmful intoxicants and imposed sentence. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
 "I. DEFENDANT'S PLEA WAS NOT MADE KNOWINGLY, VOLUNTARILY OR INTELLIGENTLY AS COURT FAILED TO INFORM OF STATUTORILY MANDATED PENALTY: REVOCATION OF DRIVER'S LICENSE
 "II. THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM SENTENCE"
The facts that are relevant to the issues raised on appeal are as follows. On January 27, 2000, appellant entered a plea of guilty to one count of abusing harmful intoxicants in violation of R.C. 2925.31(A) and (B), a felony of the fifth degree. The trial court accepted appellant's guilty plea, and on February 10, 2000, appellant was sentenced to served the maximum penalty of twelve months incarceration. Appellant also was ordered to pay the costs of prosecution and his driver's license was suspended for the maximum period of five years.
In his first assignment of error, appellant asserts that the trial court failed to comply with Crim.R. 11(C), because it did not inform appellant prior to imposition of sentence of the mandatory requirement pursuant to R.C. 2925.31 that his driver's license be revoked for a period of from six months to five years upon a finding of guilt. Appellant asserts that his plea therefore was not entered knowingly, intelligently and voluntarily.
Crim.R. 11(C) provides in relevant part:
"* * *
 "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." [Emphasis added.]
While literal compliance with Crim.R. 11 is preferred, the fact that the trial judge did not do so does not require vacation of the plea if the reviewing court determines that there was substantial compliance with Crim.R. 11. State v. Nero (1990), 56 Ohio St.3d 106, 108, citing Statev. Stewart (1977), 51 Ohio St.2d 86, 92-93; see, also, State v. Ballard
(1981), 66 Ohio St.2d 473, 480; State v. Flint (1986), 36 Ohio App.3d 4. Substantial compliance means that under the totality of circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Nero and Stewart, supra.
Appellant herein appeared before the trial court on January 17, 2000 and informed the court that he wanted to change his plea from not guilty to guilty. The transcript of the hearing reveals that the trial court fully complied with the requirements of Crim.R. 11(C) as to informing appellant of the nature of the charge against him. The court carefully questioned appellant in order to ascertain that he understood the English language, was not under the influence of any medication or drugs at that time and had not been promised anything or threatened in order to induce a guilty plea. The court then explained in detail the possible terms of incarceration and the possible fine, and discussed the issues of community control and post-release control. The trial court advised appellant that it could order a fine of up to $2,500. The court advised appellant of the constitutional rights he would waive by entering a guilty plea. The court stopped numerous times and asked appellant if he understood and still wanted to enter the guilty plea and each time, appellant responded that he did. The trial court then accepted appellant's plea of guilty.
The matter was continued for sentencing on February 10, 2000. At that time, the trial court again addressed appellant as to the issues of "bad time" and post-release control. Defense counsel spoke in mitigation and appellant then addressed the court on his own behalf. Immediately thereafter, the trial court addressed the issues of appellant's extensive criminal record and found that he is a threat to the community and to himself and that he poses a great likelihood of recidivism. The trial court also found that the shortest prison term possible would demean the seriousness of the offense and concluded that the maximum sentence must be imposed. The trial court ordered appellant to serve twelve months incarceration and suspended his driver's license for the maximum period of five years.
Appellant asserts that the trial court erred because it was not in "strict compliance" with the requirements of Crim.R. 11(C)(2). In Statev. Ballard (1981), 66 Ohio St.2d 473, 475, the Supreme Court of Ohio noted that the rule of "scrupulous adherence" to Crim.R. 11(C)(2), first addressed in State v. Caudill (1976), 48 Ohio St.2d 342, was short-lived. The Ballard court cited its decision in State v. Stewart, in which the court held that the trial court's failure to specifically inform the defendant, who was pleading guilty to murder, that he was not eligible for probation was not prejudicial error. 51 Ohio St.2d 86 .Stewart held that where the record discloses that the trial court personally addressed the defendant during his plea hearing and informed him of his constitutional rights as set forth in Crim.R. 11, the failure to inform him of one of the non-constitutional rights, such as probation, would not per se constitute prejudicial error or plain error.
We note that appellant did not object when the trial court announced the suspension of his driver's license. Appellant could have moved at that time to vacate his plea. By not objecting or moving to vacate his plea, appellant waived any claimed error as to this issue.
This court has thoroughly reviewed the transcript of appellant's sentencing hearing and, upon consideration thereof, we further find that the trial court substantially complied with the requirements of Crim.R. 11. Accordingly, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that the trial court erred by imposing the maximum sentence of twelve months incarceration. The trial court ordered that appellant's sentence in this case be served consecutive to a prior sentence for the same offense, imposed by the trial court in another county, for which appellant was placed on community control for two years. Appellant asserts that it is unclear when his sentence in this case would begin to run and when it would end. Upon consideration thereof, this court finds that it is clear that since appellant was on community control for the first conviction his period of incarceration for the instant offense would be served immediately. Any confusion as to this issue is not grounds for reversal on the basis of a violation of the sentencing guidelines set forth in R.C. Chapter 2929. The record in this case shows that the trial court fully complied with the requirements set forth in R.C. 2929.14 for imposition of the maximum sentence for this offense by finding on the record that the shortest prison term would demean the seriousness of appellant's conduct and would not adequately protect the public from future crime by appellant. Accordingly, appellant's second assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
Peter M. Handwork, J., Richard W. Knepper, P.J., Mark L. Pietrykowski,J., CONCUR.